NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0355n.06

Case No. 25-3980

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 10, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| DEYLIN ORTEGA VILLALBA, | ) | |
| Petitioner, | ) ) | ON PETITION FOR REVIEW OF THE DECISION OF THE BOARD |
| v. | ) ) | OF IMMIGRATION APPEALS |
| TODD BLANCHE, Attorney General, | ) ) | OPINION |
| Respondent. | ) ) | |

Before: SILER, DAVIS, and RITZ, Circuit Judges.

**SILER, Circuit Judge.** Deylin Ortega Villalba petitions for review of the denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). She also challenges the immigration judge's (IJ) decision to rescind administrative closure. Because Ortega Villalba forfeited review of several dispositive grounds supporting the denial of relief and has not shown prejudice from the closure ruling, we deny the petition for review.

**I.**

Ortega Villalba, a native and citizen of Mexico, entered the United States with her two older siblings in 2014, when she was five years old. Shortly thereafter, the Department of Homeland Security (DHS) charged her as removable for lacking valid entry documents, and she conceded removability. She later sought asylum, withholding of removal, and protection under the CAT. Her claims rested on childhood abuse by family members, relatives' alleged cartel ties, and the risks facing vulnerable children in Mexico.

Ortega Villalba did not testify at the merits hearing; her mother and sister testified on her behalf. Her sister testified that their grandmother sometimes took the children to work in the fields and struck Ortega Villalba with a tree branch more often than the other children. No one reported that conduct to Mexican authorities. Her mother testified that some relatives had cartel ties, that a paternal uncle was killed by hitmen in 2012 or 2013, and that relatives warned her to watch the children because gangs were after the family. No cartel member directly threatened or harmed Ortega Villalba.

By December 2020, the removal proceedings had been pending for more than five years. At the merits hearing that month, Ortega Villalba asked the IJ to administratively close the case while her mother's T-visa application remained pending, through which Ortega Villalba sought derivative status. The IJ denied the oral request but allowed her to file a written motion within five days and gave DHS five days to respond. By the end of the hearing, the parties had completed the evidence and argument. Ortega Villalba filed her written request on December 9. DHS filed an opposition on December 16, but the immigration court rejected it for filing defects; DHS refiled the opposition on December 21.

On January 15, 2021, the IJ granted administrative closure, relying in part on his understanding that DHS had filed no opposition. Four days later, DHS moved for reconsideration. The IJ granted the motion that day and returned the case to the active docket. He relied on DHS's opposition, the age of the proceedings, the completed merits hearing, and the anticipated wait of up to 29 months for a decision on the mother's T-visa application.

The next day, the IJ denied Ortega Villalba's applications for asylum, withholding of removal, and CAT protection and ordered her to be removed to Mexico. He found no past persecution and no showing that Mexican authorities were unable or unwilling to control the

alleged private actors. He also found that Ortega Villalba's proposed social groups were not cognizable, that the alleged harm lacked a nexus to a protected ground even if the groups were cognizable, and that she lacked an objectively reasonable fear of future persecution. For CAT, he found that she had not shown that she more likely than not would be tortured by, or with the acquiescence of, a public official.

Nearly five years later, the Board of Immigration Appeals (Board) adopted and affirmed those rulings and dismissed the appeal. It also rejected Ortega Villalba's administrative-closure challenge because she had not shown prejudice. This petition, and a motion to stay removal pending these proceedings, followed.

## II.

Because the Board adopted the IJ's decision and added its own reasoning, we review the IJ's decision as supplemented by the Board. *Karimijanaki v. Holder*, 579 F.3d 710, 714 (6th Cir. 2009). We review due-process claims de novo. *Bi Qing Zheng v. Lynch*, 819 F.3d 287, 296 (6th Cir. 2016).

## III.

### A.

Ortega Villalba first challenges the denial of asylum, withholding of removal, and CAT protection. The claims turn on what she does not challenge.

An asylum applicant must show "persecution or a well-founded fear of persecution on account of" a statutorily protected ground. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i). When the alleged persecutor is a private actor, the applicant also must show that the government is "unable or unwilling to control" the actor. *Ortiz v. Garland*, 6 F.4th 685, 688 (6th Cir. 2021) (quoting *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985)). Withholding likewise requires

3

a protected-ground nexus but demands a higher likelihood of persecution. 8 U.S.C. § 1231(b)(3)(A); *Vasquez-Rivera v. Garland*, 96 F.4th 903, 907–08 (6th Cir. 2024). CAT protection requires proof that the applicant would more likely than not be subject to torture by or with the acquiescence of a public official if removed. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

Ortega Villalba's opening brief develops only two merits arguments. She argues that her grandmother's repeated use of a tree branch amounted to past persecution and that the country-conditions evidence showed that Mexican authorities were unable or unwilling to protect her. She does not meaningfully challenge the agency's no-nexus ruling, its ruling that her proposed social groups were not cognizable, or its future-persecution findings. Her CAT discussion consists of one conclusory sentence.

Those shortcomings are fatal. Arguments not meaningfully developed in an opening brief are forfeited. *Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1154–55 (6th Cir. 2010). And when an unchallenged agency ground independently supports the denial of relief, we need not address challenges to other grounds. *See Aguilar Peralta v. Garland*, No. 23-3483, 2024 WL 196665, at *2–3 (6th Cir. Jan. 18, 2024).

The unchallenged no-nexus ruling resolves asylum and withholding. The agency found no connection between the alleged harm and a protected ground, even assuming Ortega Villalba's proposed groups were cognizable. Ortega Villalba does not challenge that finding, which defeats both claims regardless of whether she is right about past persecution and government protection. Her other omissions leave the agency's social-group and future-persecution rulings undisturbed too.

The CAT claim meets the same fate. Ortega Villalba does not develop an argument about likely torture, official involvement, consent, or acquiescence. Her asylum argument about

government protection does not address CAT's distinct requirements. One conclusory sentence does not preserve the claim. *See Guzman-Torralva v. Bondi*, 154 F.4th 880, 883–84 (6th Cir. 2025).

These forfeitures dispose of all three protection claims, so we need not reach the two merits arguments Ortega Villalba developed.

**B.**

Ortega Villalba next argues that the IJ violated due process by granting DHS's reconsideration motion on the day it was filed and deciding the merits the next day. She says that the timing denied her a meaningful chance to respond and, coupled with the IJ's treatment of the parties' filings, calls his neutrality into question.

Noncitizens in removal proceedings are entitled to "a full and fair hearing." *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001). But a procedural defect alone does not establish a due-process violation. Ortega Villalba also must show prejudice—that the defect "led to a substantially different outcome." *Bi Qing Zheng*, 819 F.3d at 297 (citation omitted). Even assuming the IJ should have allowed her more time to respond, Ortega Villalba has not made that prejudice showing.

Start with the reconsideration order. The IJ retained authority to reconsider his own decision before jurisdiction vested in the Board. 8 C.F.R. § 1003.23(b)(1). Even assuming administrative closure was available here, it remained discretionary. *See id.* § 1214.2(a). Administrative closure was only a docket-management device. It did not terminate the proceedings, grant relief from removal, or confer lawful status. *See Matter of W-Y-U-*, 27 I. & N. Dec. 17, 18 (B.I.A. 2017).

More time to respond would not likely have changed the closure ruling. Ortega Villalba says that she would have challenged the timing and defects of DHS's filing. But the IJ did not treat DHS's opposition as a veto of administrative closure. He treated it as one consideration. He also relied on case-management reasons independent of those filing defects: the proceedings had been pending for years, the merits hearing was complete, and a decision on the T-visa application could take up to 29 months. Ortega Villalba does not explain how additional briefing about DHS's filings likely would have changed the ruling in light of those reasons.

The broader record confirms the absence of prejudice. Nothing showed that her mother's T-visa application was likely to be granted or that a decision was imminent. Nor did the record show that Ortega Villalba's derivative request was likely to change the removal outcome. Nearly five years passed before the Board decided the appeal, and the record still contained no favorable T-visa decision. Rescinding closure also did not prevent Ortega Villalba from presenting her protection claims. By then, the parties had completed the evidence and arguments at the merits hearing.

That leaves the neutrality argument. Adverse rulings and ordinary case-management decisions, without more, do not establish bias. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). IJs have broad discretion to conduct hearings, but they must remain neutral adjudicators. *Bi Qing Zheng*, 819 F.3d at 297. The record shows quick and unfavorable rulings. But it does not show "deep-seated favoritism or antagonism," prejudgment, or advocacy by the IJ. *See Liteky*, 510 U.S. at 555. Without prejudice or evidence of bias, Ortega Villalba's due-process claim fails.

**IV.**

We deny Ortega Villalba's petition for review and deny her outstanding motion for a stay of removal as moot.